Filed 4/26/23  P. v. Brown CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JAMES RICHARD BROWN,<br><br>　　　Defendant and Appellant. | F085171<br><br>(Stanislaus Super. Ct. No. CR-21-012067)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Siena M. Kautz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Detjen, J. and De Santos, J.

## INTRODUCTION

Appellant James Richard Brown filed a petition for resentencing pursuant to Penal Code section 1170.22.[1] The trial court denied the petition and found he was ineligible for any relief under that statute. On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

On February 18, 2022, an information was filed in the Superior Court of Stanislaus County charging appellant with committing count 1, criminal threats (§ 422, subd. (a)); count 2, felony false imprisonment (§ 236); count 3, felony battery on a spouse or habitant (§ 273.54a); count 4, felony assault with a deadly weapon, a baseball bat (§ 245, subd. (a)(1)); and count 5, assault with a firearm (*id.*, subd. (a)(2)), with firearm, great bodily injury, and prior conviction enhancements.

On April 11, 2022, appellant plead no contest to count 1, criminal threats, (§ 422, subd. (a)) and pleaded no contest in an unrelated case to the unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)). As to count 1, he was sentenced to the upper term of three years, with a concurrent term for the Vehicle Code conviction.

**Section 1170.22**

Former section 647f was enacted in 1988 (Stats. 1988, ch. 1597, § 1) and prohibited offenses related to the solicitation of prostitution. It was repealed as of January 1, 2018. (Stats. 2017, ch. 537, § 8.)

Also on January 1, 2018, two new statutes went into effect: section 1170.21 states that a conviction for violating section 647f as it read on December 31, 2017, "is invalid and vacated" (Stats. 2017, c. 537 (S.B. 239), § 13); and section 1170.22 states a person

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

serving a sentence for a violation of section 647f as it read on December 31, 2017, may file a petition for recall or dismissal of his conviction and sentence. (See also *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 263.)

**Appellant's Petition**

On September 26, 2022, appellant filed a petition in the trial court for resentencing and dismissal of his conviction for criminal threats based on section 1170.22 and asserted he had served longer than one year and was entitled to relief.

On September 26, 2022, the People filed opposition and stated section 1170.22 permitted relief only for violations of section 647f, appellant was not convicted of that offense, and he was ineligible for relief.

On September 30, 2022, the trial court denied appellant's petition because he was ineligible for relief.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant has failed to do so.

The trial court correctly denied appellant's petition because he was not convicted of violating section 647f and was thus ineligible for any relief authorized by section 1170.22. After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The court's order of September 30, 2022, denying appellant's petition is affirmed.